# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| ROBERT A. BREAM, | ) | Case No. 07-41576-705 |
| | ) | |
| Debtor. | ) | MOTION OF TRUSTEE FOR ORDER |
| | ) | APPROVING THE COMPROMISE AND |
| | ) | SETTLEMENT OF DEBTOR'S CLAIM IN |
| | ) | CLASS ACTION LITIGATION AND FOR |
| | ) | AUTHORITY TO EXECUTE ALL |
| | ) | DOCUMENTS NECESSARY TO |
| | ) | EFFECTUATE A SETTLEMENT |
| | ) | |
| | ) | Hon. Charles E. Rendlen, III |
| | ) | U.S. Bankruptcy Judge |

### MOTION OF TRUSTEE FOR ORDER APPROVING THE COMPROMISE AND SETTLEMENT OF DEBTOR'S CLAIM IN CLASS ACTION LITIGATION AND FOR AUTHORITY TO EXECUTE ALL DOCUMENTS NECESSARY TO EFFECTUATE A SETTLEMENT

COMES NOW Charles W. Riske, Chapter 7 Trustee in Bankruptcy for Robert A. Bream, by and through his attorneys, and for his Motion of Trustee for Order Approving the Compromise and Settlement of Debtor's Claim in Class Action Litigation and for Authority to Execute all Documents Necessary to Effectuate a Settlement (the "Motion") respectfully states as follows:

1. This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Debtor Robert A. Bream ("Debtor") commenced this case by a voluntary Chapter 7 petition filed on March 15, 2007 (the "Petition Date").

3. Charles W. Riske is the duly-appointed, qualified Chapter 7 Trustee in

{14636/00023/2433922.DOC.}

Bankruptcy ("Trustee") for Debtor.

4. After his initial investigation of the Debtor's financial affairs, Trustee filed a Report of No Distribution.

5. Debtor obtained a discharge on October 10, 2007, and the bankruptcy case was closed on April 6, 2009.

6. Melissa Guz (f/k/a Melissa Bream and referred to herein as "Guz") is Debtor's former spouse. Upon information and belief, Debtor and Guz were divorced pursuant to the terms of a decree of dissolution entered by the Circuit Court of St. Louis County, Missouri on or about February 14, 2006 in the case styled *Melissa Bream, Petitioner v. Robert A. Bream, Respondent*, Case No. 2104FC-11995. Guz did not file bankruptcy and is a non-debtor with respect to the bankruptcy case.

7. Trustee has recently been informed that Debtor and Guz have an interest in a previously undisclosed claim related to a pre-petition loan transaction with respect to a loan obtained by Debtor and Guz from Century Financial Group, Inc. ("CFG") on or about April 6, 1999 in the original amount of $50,000.00, as pertained to the real property located at 17712 Blackwood Court, Chesterfield, Missouri 63005 (the "Claim").

8. The Claim is the subject of a certain certified civil class action case pending in the Circuit Court of Clay County, Missouri in the case styled *Baker v. Century Financial Group, Inc., et al.*, Case No. CV100-4294 (the "Class Action Case").

9. Debtor and Guz are unnamed, absent class members in the Class Action Case in that they did not opt out of or otherwise exclude themselves from the Class Action Case.

10. The Class Action Case rests upon allegations that CFG and certain other lenders, including JPMorgan Chase Bank, N.A., as successor by merger to Bank One, N.A. and Banc

One Financial Services, Inc. (hereinafter "Banc One"), directly or indirectly charged, contracted for or received and collected certain loan fees and interest payments in connection with certain CFG loans made to certain borrowers, such as Debtor and Guz, in violation of the Missouri Second Mortgage Loans Act, §§ 408.231-408.241 R.S.Mo.

11. Banc One identified Debtor and Guz as persons to whom a second mortgage loan secured by real estate in Missouri was made by CFG, and which loan Banc One purchased or otherwise acquired or received, or in which Banc One possessed any type of ownership or contractual interest.

12. All claims and damages sustained by Debtor and Guz related to the Claim arose or were incurred pre-petition, and thus Trustee believes that Debtor's interest in the Claim against Banc One constitutes property of the bankruptcy estate, within the meaning of 11 U.S.C. §541(a).

13. A Motion to Re-Open Debtor's Case was filed by the United States Trustee in order to be able to file all sufficient documentation to administer upon the Claim for the benefit of the bankruptcy estate.

14. On October 10, 2018, this Court entered its Order granting the Motion to Re-Open Case. Charles W. Riske was re-appointed as Chapter 7 Trustee in accordance with Rule 5010 of the Federal Rules of Bankruptcy Procedure.

15. Upon determining that the Claim might have value for the benefit of the bankruptcy estate, the Trustee filed his Application to Employ R. Frederick Walters, an attorney licensed in the State of Missouri, and the law firm of Walters Renwick Richards Skeens & Vaughan, PC as special counsel for the Trustee and the estate (collectively referred to herein as "Special Counsel"). Special Counsel represents the certified class of borrowers (including Debtor

and Guz) in the Class Action Case. Special Counsel filed the Class Action Case in 2000 and has been prosecuting the claims on behalf of the class members, including Debtor and Guz, in state trial and appellate courts in the 18-plus years that the case has been pending.

16. On November 8, 2018, an Order was entered by the Bankruptcy Court, authorizing the employment of Special Counsel with compensation to be paid in such amounts as may be allowed by the Court upon proper application, pursuant to 11 U.S.C. § 330.

17. Special Counsel has negotiated a proposed settlement of the Claim with Banc One. Pursuant to the terms of the settlement, Banc One denies any liability but, in order to avoid the expense and risk of continued litigation, agrees to settle the Claim of Debtor and Guz, in addition to other class members.

18. According to the terms of the proposed settlement, *inter alia,* any claim by Debtor, individually or by the Trustee, against Banc One arising from the CFG loan made to Debtor and Guz will be released and discharged upon approval of this Court and upon the settlement becoming effective. Further, Banc One agrees to pay the gross settlement amount of $71,187.11 (the "Settlement") on the Claim of Debtor and Guz. This sum represents 100% of the statutory damages allegedly sustained by Debtor and Guz in the amount of $39,152.91, together with attorney's fees in the amount of $32,034.20.

19. The Settlement is property of the bankruptcy estate, pursuant to 11 U.S.C. § 541(a), and thus the Trustee is entitled to administer upon it for the benefit of the estate and of Guz, a non-filing co-owner of the Claim.

20. Debtor and Guz are each entitled to equal shares of the above-referenced $39,152.91, such that Debtor's estate shall recover the sum of $19,576.45 and Guz shall recover the sum of $19,576.46.

21. Upon the Settlement becoming effective, Banc One agrees to pay the gross settlement amount to Special Counsel, which will then without undue delay turn over such funds to Trustee.

22. Upon receipt, the Settlement proceeds shall be held by the Trustee in an estate account pending further order of this Court.

23. Upon the entry of an Order of this Court approving the Settlement, and once such Order becomes final, Trustee seeks authority to pay the sum of $19,576.46 directly to Guz.

24. Trustee will seek authorization to pay Special Counsel's attorneys' fees and case-specific expenses by separate Application.

25. Based upon the recommendation of Special Counsel, Trustee believes that the proposed compromise and settlement is fair and equitable, as it will result in the payment of immediately available funds and maximize potential distribution to creditors. Further, as noted above, the recovery represents 100% of the statutory damages allegedly sustained by Debtor and Guz, even after attorney's fees are paid to Special Counsel.

26. Accordingly, the Trustee believes that the compromise and settlement as described herein is in the best interest of the Debtor's bankruptcy estate and fulfills the requirements for the approval of a compromise and settlement under Federal Rule of Bankruptcy Procedure 9019(a).

27. In addition, because the Debtor's share of the Claim constitutes property of the bankruptcy estate pursuant to 11 U.S.C. § 541, Trustee believes that the Bankruptcy Court has the authority to permit the execution of all documents necessary to effectuate a settlement of the Claim, including, but not limited to, executing releases and settlement statements.

28.     Therefore, the Trustee requests an order from the Court authorizing the execution of any and all release documentation required by the Settlement (the "Release"), which Release shall be valid and enforceable according to its terms and binding upon the Debtor, the Trustee, and the bankruptcy estate.

29.     Upon information and belief, Debtor is now deceased, having passed away on or about April 14, 2014, in Columbus, Ohio.

WHEREFORE, the premises considered, Trustee Charles W. Riske prays that this Court grant this Motion and enter its Order as follows:

a. approving the settlement of the Claim of Debtor and Guz in the gross amount of $71,187.11;

b. ordering Banc One to pay the settlement proceeds related to the Claim of Debtor and Guz in the amount of $71,187.11 to Special Counsel, which will then without undue delay turn over such funds to Trustee.  The Trustee shall then hold such funds in an estate account pending further order of this Court;

c. upon the entry of an Order of this Court approving the Settlement, and once such Order becomes final, authorizing Trustee to pay the sum of $19,576.46 directly to Guz;

d. authorizing the Trustee to request payment of Special Counsel's attorneys' fees and case-specific expenses by separate Application;

e. authorizing the execution of any and all Release documentation required by the Settlement, which Release shall be valid and enforceable according to its terms and binding upon the Debtor and his bankruptcy estate; and

f. for such other and further relief as the Court deems just and proper.

{14636/00023/2433922.DOC.}                               6

Respectfully submitted,

CARMODY MACDONALD P.C.

*/s/ Robert E. Eggmann*
ROBERT E. EGGMANN (MO #37374)
THOMAS H. RISKE (MO #61838)
120 South Central Ave., Suite 1800
St. Louis, MO 63105
(314) 854-8600
(314) 854-8660 (fax)
ree@carmodymacdonald.com
thr@carmodymacdonald.com
ATTORNEYS FOR CHARLES W. RISKE, TRUSTEE

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this document was filed electronically with the United States Bankruptcy Court and has been served on the parties in interest via email by the Court's CM/ECF system as listed on the Court's Electronic Mail Notice List on this 23rd day of January 2019.

The undersigned hereby certifies that a true and correct copy of this document was filed electronically with the United States Bankruptcy Court and has been served by regular United States mail service, first class, postage fully pre-paid, addressed to each of the parties listed below on this 23rd day of January 2019:

R. Frederick Walters, Esq.
Bruce Nguyen, Esq.
Special Counsel
Walters Renwick Richards Skeens & Vaughan, PC
2500 City Center Square
1100 Main Street
Kansas City, MO  64105

/s/ *Robert E. Eggmann*